No. 48.—EDMUND BLAKE, plaintiff in error, *vs.* BIGELOW and others, defendants in error.

[1.] According to the provisions of the Bankrupt Act of 1841, where a bankrupt has obtained his certificate of discharge under that Act, it was held conclusive evidence, of itself, of such bankrupt's discharge from all debts, contracts and other engagements, existing at the time of such discharge, unless the same shall be impeached for fraud, &c., in the manner specified by the Act.

[2.] A judgment creditor does not obtain a specific lien, upon the equitable estate of his debtor, by the return of an execution unsatisfied; but by the commencement of a suit in Equity, after the execution has been so returned.

Bill and demurrer, tried before Judge FLOYD, in Bibb Superior Court, July Term, 1848.

This was a bill in Equity, at the instance of Bigelow and others, judgment creditors of Blake, for the purpose of subjecting certain trust property, filed in the Court below against said Blake, and Nathan H. Beal, and Samuel R. Blake, as trustees of Blake and wife, under articles of marriage settlement, for which see 3 *Kelly's R.* 345. The bill set forth the marriage settlement, and charged that it conveyed to Edmund Blake, such an interest as that their *judgment liens*, either in Law or Equity, attached to it; and that their liens were not divested by the decree of bankruptcy and discharge; which by their bill, they aver to have been awarded to said Blake, by the proper Court, *subsequently* to the rendition of their judgments. And the complainants insist, therefore, that the interest of Blake in said property, should be sold for their benefit, and pray a decree of sale accordingly.

To this bill Blake and his trustees demurred.

1st. Generally, that there is no cause of equity made by said bill.

2d. The bankruptcy of Blake, and his decree of discharge, alleged in said bill, effectually bars their suit.

After argument, the Court below overruled the demurrer, and the counsel for Blake and the trustees excepted.

S. T. BAILEY, for plaintiff in error.

POWERS & WHITTLE, for defendants in error.

*By the Court.*—WARNER, J. delivering the opinion.

In *Blake vs. Irwin,* 3 *Kelly,* 345, we held the interest which Edmund Blake took under this marriage contract, was not liable to be seized and sold by the sheriff, under an execution at Law, and could only be reached by his creditors in a Court of Equity. The complainants, as judgment creditors, have now filed their bill to subject this equitable interest to the payment of the judgments. It appears, on the face of the bill, that Blake has obtained his certificate of bankruptcy, since the rendition of the judgments against him. The defendants demurred to the bill, in the Court below, for want of equity, which demurrer was overruled. Whereupon the defendants excepted, and now assign for error here : First, because the Court erred in ruling and deciding that the said act of bankruptcy did not discharge said Edmund Blake from said debts. Second, because the Court erred in deciding that the *lien* of the judgments of the complainants on said *equitable* interest, was still subsisting and binding on said property, notwithstanding said Act of Bankruptcy, and said Blake's certificate of discharge thereunder. Both these grounds will be considered together.

[1.] The 4th Section of the Bankrupt Law of 1841, provides that every bankrupt who shall comply with the requisitions of that law, shall be entitled to a *full discharge from all his debts,* (unless a majority of his creditors shall file their written dissent thereto,) and a certificate thereof shall be granted to him by the proper Court accordingly, and that such discharge and certificate, when duly granted, shall, in all Courts of Justice, be deemed a full and complete discharge of all debts, contracts, and other engagements of such bankrupt, which are proveable under this Act, and shall and may be pleaded as a full and complete bar, to all suits brought in any Court of judicature whatever, and the same shall be conclusive evidence of itself, in favor of such bankrupt, unless the same shall be impeached for fraud, &c. The second section of the Act excepts from its operation the lawful rights of married women, or minors, or any *liens,* mortgages, or other securities on property, real or personal, which may be valid by the laws of the States, respectively.

The certificate of the bankrupt is made conclusive evidence

in all Courts of Justice, of a full and complete discharge of all *debts*, contracts, and other engagements of the bankrupt, *unless impeached for fraud, &c.* A judgment is a *debt* of record, and consequently the defendant, Blake, was discharged from the payment of all judgments obtained against him, prior to his obtaining his certificate of bankruptcy. By the laws of this State, however, judgments create a *lien* on the *property* of the defendant, from their date, and are within the exceptions of the Bankrupt Act. Did the judgments obtained against Blake, prior to his discharge, create a *lien* upon the *equitable interest* held by him under the marriage contract, now sought to be subjected by the [2.] complainants? A judgment creditor does not obtain a *specific lien* upon the equitable estate of the debtor, by the return of an execution unsatisfied, but by the commencement of a suit in Equity, after the execution has been so returned. *Edmeston vs. Lyde,* 1 *Paige's Ch. Rep.* 637. *Weed vs. Pierce,* 9 *Cowen's Rep.* 728. *Hendricks vs. Robinson,* 2 *Johns. Ch. Rep.* 312. Inasmuch as the judgments against Blake were obtained *before* his certificate of bankruptcy, and do not create any specific lien, upon the equitable interest held by him, under the marriage contract, which this bill seeks to subject, we think the Court below erred in its judgment, in overruling the demurrer on the grounds as stated in the bill of exceptions.

In disposing of this case, we have been somewhat embarrassed by an amendment which has been sent up with the record. The counsel for the plaintiff in error insists that it was offered after the judgment of the Court overruling the demurrer; and has never been allowed by the Court. While the counsel for the defendant in error contends it was offered and allowed by the Court to be incorporated as a part of the original bill. There is an acknowledgement of service of the amendment, by the Solicitors of Blake and wife, with the following reservation : " Not admitting the legality of said amendment, nor the right to amend at this time." On looking into the record, we do not find any order of the Court, authorising the amendment to be made. We shall therefore remand this case back to the Court below, with instructions to order the bill to be amended, as the complainants shall be advised, without prejudice to the rights of the defendants.